849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie H. PARKER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-6066.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN, and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Willie H. Parker appeals the district court's decision to award him a closed period of disability on his claims for disability insurance benefits and supplemental security income benefits. We affirm.
 
 
 2
 On March 1, 1984, Parker was admitted to a hospital emergency room after his truck crashed into an embankment. After being examined, he was released, given a prescription for a pain killer, and told to rest. About three weeks later, Parker was examined by Dr. R. Anthony Marrese, an orthopedic specialist. Dr. Marrese reported that Parker had some curvature of the spine, but that this condition was within normal limits. X-rays taken at that time revealed only minor back conditions. During May and June of 1984, Dr. M. Ziaee examined Parker on two occasions. Dr. Ziaee reported finding some evidence of minimal herniation of the "L4-5 disc."
 
 
 3
 On June 24, 1984, Parker was readmitted to the hospital. On June 27, following a myleogram, Parker underwent a bilateral partial laminectomy to excise herniated discs. Three days after the surgery, he was discharged from the hospital with instructions not to do any bending and not to lift more than 20 pounds.
 
 
 4
 During the following two years, Parker was examined many times by several different physicians. In August 1984, Dr. Marrese reported that Parker was recovering satisfactorily from the surgery, and the doctor estimated that Parker would continue to be under temporary total disability for six months. In November 1984, Dr. Esten S. Kimber examined Parker. The doctor found that Parker could lift up to 50 pounds and carry up to 25 pounds, that Parker had unlimited hand and foot controls, and that Parker could sit for six hours and walk or stand for six hours during an eight-hour day. In December 1984, however, Dr. William West reported that Parker's condition was deteriorating, and the doctor speculated that Parker could possibly remain disabled indefinitely. But in January 1985, Dr. Jon B. Clay performed a residual functional capacity assessment that was consistent with Dr. Kimber's assessment, and, in March 1985, Dr. Marrese suggested that Parker was making satisfactory progress from surgery and that his recovery would only extend an additional six months.
 
 
 5
 Finally, Dr. Jon R. Love, a consultative orthopedic surgeon, examined Parker on September 2, 1986. Dr. Love found no evidence of paraspinal muscle spasm, and he reported Parker's reflexes and flexibility were within normal limits. Because Parker's x-rays revealed minimal evidence of abnormality, Dr. Love felt that additional surgery was unnecessary and that "mild pain medications [were] more appropriate." Nonetheless, Dr. Love concluded that Parker's "chronic back sprain" prevented him from returning to work.
 
 
 6
 On August 15, 1984, Parker filed applications for disability insurance benefits and supplemental security income. These applications were initially denied, and, after a hearing, an administrative law judge determined that Parker was not disabled. After the Appeals Council declined to review the case, Parker filed a complaint in federal district court. While the action was pending, however, the Secretary filed a motion to remand for reconsideration in light of new mental impairment regulations.
 
 
 7
 Following a second administrative hearing, the administrative law judge found that Parker was disabled. The Appeals Council, however, reversed this decision, and so Parker's case was redocketed in federal district court.
 
 
 8
 On June 15, 1987, a United States magistrate recommended that the Secretary's decision be affirmed in part and reversed in part. Finding a lack of substantial evidence to support the Secretary's view that Parker was not disabled from June 1984 to September 1986, the magistrate concluded that Parker was disabled during that period and thereby entitled to some benefits. The district court subsequently adopted the magistrate's recommendations.
 
 
 9
 Parker now appeals two parts of the district court's decision. Obviously, Parker does not attack the court's conclusion that he was disabled from June 1984 to September 1984, and the government has not interposed a challenge to that part of the court's opinion. Rather, Parker maintains he was disabled for three months prior to the commencement of that period and that he has been continuously disabled since September 1984, the end of the closed disability period. We may not overturn the Secretary's contrary conclusions, however, unless there is no substantial evidence to support such findings. Kirk v. Secretary of Health and Human Services, 677 F.2d 524 (6th Cir.1981).
 
 
 10
 The basis of Parker's benefits claims is disabling pain; he does not contest the Secretary's conclusion that he is not entitled to benefits for any other reason. Because his case was pending before the Secretary after October 9, 1984, and because the Secretary's final decision was issued prior to January 1, 1987, Parker's claim is governed by the temporary standard codified in 42 U.S.C. 423(d)(5)(A). In Duncan v. Secretary of Health and Human Services, 801 F.2d 847 (6th Cir.1986), this court interpreted this statutory standard as requiring that a claimant first produce objective evidence of an underlying medical condition. The claimant must then show either that objective medical evidence confirms the severity of the alleged pain arising from the condition or that the objectively-established condition is of such severity that it can reasonably be expected to produce the alleged disabling pain. Id. at 853.
 
 
 11
 Clearly, Parker has adequately proven the existence of an underlying medical condition. This dispute, though, is about whether the medical evidence confirms the severity of the pain which Parker alleges he is in. After reviewing the record, we believe there is substantial evidence to support the Secretary's conclusions that Parker was not disabled prior to June 1984 and has not been disabled since September 1986.
 
 
 12
 With respect to the period of March 1984 to June 1984, Parker argues that, because the accident which caused his back injury occurred on March 1, the disability period should begin on that date rather than on June 27, the date of the surgery. Parker contends that the district court's choice of the latter date was erroneous because the disabling pain did not arise at the time of the surgery, but rather can be traced to the accident which eventually necessitated the surgery.
 
 
 13
 This argument is unavailing. Merely because Parker experienced disabling back pain following an operation to correct a condition which stemmed from a prior accident does not establish that he was disabled since that accident. Moreover, in light of the posture of this case, Parker must not only produce independent evidence that he was disabled before the operation, he must also persuade us that there is insufficient evidence to support the Secretary's contrary conclusion. Ample evidence in the record, though, shows that the condition of Parker's back progressively deteriorated during the relevant time period. Therefore, there is sufficient evidence to support the Secretary's finding that Parker was not disabled from March 1984 until June 1984, and we must uphold that conclusion.
 
 
 14
 We also believe there is sufficient evidence to support the Secretary's view that Parker has not been disabled since September 1986. Parker emphasizes that the administrative law judge found his subjective complaints about the allegedly-disabling pain to be credible, and Parker relies on Dr. Love's conclusion that he was disabled. Neither argument is persuasive.
 
 
 15
 While an administrative law judge's assessment of a witness' credibility is an important factor to consider, we must defer to the Appeals Council's conclusions if they are supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535 (6th Cir.1986). Here, the Appeals Council decided to reverse the administrative law judge's decision because it believed that the objective medical evidence did not confirm Parker's subjective complaints. Because there is ample objective medical evidence in the record to support that decision, we must uphold it.
 
 
 16
 Similarly, the Secretary is not bound by a doctor's legal conclusion that a claimant is disabled. Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir.1984). Here, the Appeals Council concluded that Dr. Love's medical findings did not support his vocational assessment. Again, because there is substantial evidence to support the Secretary's conclusion that objective medical evidence did not confirm Parker's subjective complaints, we must uphold that finding.
 
 
 17
 Accordingly, the district court's decision granting Parker a closed period of disability is hereby affirmed.